Submitted on record and briefs August 1, 1989, reversed and remanded April 4, respondent's petition for reconsideration denied; appellant's motion for reconsideration allowed by opinion June 27, 1990
See 102 Or App 293 (1990)

In the Matter of the Residual Trust
Created under the Will of
Rudolph A. Bissett, Deceased.

MASTERS et al,
*Respondents,*

*v.*

BISSETT,
*Appellant.*

(A8407-04366; CA A50580)

790 P2d 30

Larry A. Bissett, Portland, filed the briefs *pro se* for appellant.

Michael J. Morris and Bennett, Hartman, Tauman & Reynolds, P.C., Portland, filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

**BUTTLER, P. J.**

This appeal is the fourth of a series of five appeals arising out of appellant trustee's administration of several trusts, which are described in detail in our opinion disposing of the first three appeals decided this date. *Masters v. Bissett (A41367)(A44881),* 101 Or App 163, 790 P2d 16 (1990). In one of those appeals, referred to by us as the distribution case (CA A44881), the trial court had ordered the trustee to distribute the trust real property to all of the beneficiaries as tenants in common within 30 days after the date of the order. Because the trustee intended to appeal that judgment, he deposited deeds to the property with the court pursuant to ORS 19.040(2), which provides:

> "When the judgment appealed from requires the execution of a conveyance or other instrument, execution of the judgment is not stayed by the appeal, unless the instrument is executed and deposited with the clerk within the time allowed to file the undertaking, to abide the judgment of the appellate court."

Thereafter, plaintiffs moved for a restraining order to prevent the trustee from expending funds derived from the rental of those properties. That resulted in a court order directing the trustee to establish a joint checking account with one of plaintiffs, Linda Masters, requiring signatures of both parties.

The trustee then filed a "Motion to Authorize and Require Payment of Trustee's Expense," which the trial court denied on the ground that it had no jurisdiction to entertain the motion, relying on *Kelly v. Tracy,* 209 Or 153, 305 P2d 411 (1956). It also concluded that the former trust properties were owned by the parties as tenants in common since the date of the trustee's delivery of the deeds to the clerk of the court. The trustee appeals from the order denying his motion.

■ We do not agree that the properties are now owned by the parties as tenants in common; there has been no delivery of the deeds to the grantees. The primary purpose of delivering the deeds to the clerk of the court pursuant to ORS 19.040(2) was to stay the execution of the judgment directing distribution pending appeal. In addition, it avoided the risk of the

trustee's being held in contempt and also avoided the effect of ORCP 78A.[1]

We also disagree that the holding in *Kelly v. Tracy, supra,* means that the trial court lacked jurisdiction to rule on the trustee's motion. In *Kelly,* the question was whether the defendant's appeal should be dismissed because she had acquiesced in the validity of the judgment being appealed. The judgment required her to deliver corporate stock to the plaintiff and to cause it to be transferred to the name of the plaintiff on the corporate books. The defendant had deposited the stock with the clerk pursuant to ORS 19.040(2), pending her appeal. In his motion to dismiss, the plaintiff argued that the defendant had acquiesced in the validity of the judgment by delivering the stock to the court *and* had permitted the plaintiff to vote the shares at two annual stockholders meetings. The court denied the motion to dismiss, because the plaintiff,

> "as record holder of the shares was entitled to vote them, and defendant, in her capacity as secretary, was not in a position to deny this right, and did not by allowing it, waive her rights on appeal." 209 Or at 162.

Apparently, the defendant had caused the plaintiff's name to be entered in the corporate books.

Here, the trustee did not deliver the deeds to plaintiffs; neither were the deeds recorded. They were simply deposited with the court clerk in order to stay the appeal. We conclude that the trial court erred in holding that it lacked jurisdiction to decide the trustee's motion.

Reversed and remanded.

---

[1] ORCP 78A provides:

"A judgment requiring a party to make a conveyance, transfer, release, acquittance, or other like act within a period therein specified shall, if such party does not comply with the judgment, be deemed to be equivalent thereto."