On appellant's motion for reconsideration filed May 9; on respondents' petition for reconsideration filed May 9, respondents' petition for reconsideration denied; appellant's motion for reconsideration allowed, opinion (101 Or App 184, 790 P2d 30) adhered to June 27, 1990

In the Matter of the Residual Trust
Created under the Will of
Rudolph A. Bissett, Deceased.

Linda MASTERS,
Stephen Bissett, Christina Bissett
and David Bissett,
*Respondents,*

*v.*

Larry BISSETT,
*Appellant.*

(A8407-04366; CA A50580)

793 P2d 353

Michael J. Morris and Bennett & Durham, Portland, for respondents' petition.

Jacob Tanzer and Ball, Janik & Novack, Portland, for appellant's motion.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Both respondents (grandchildren) and appellant (trustee) seek reconsideration of our opinion in *Masters v. Bissett (A50580),* 101 Or App 184, 790 P2d 30 (1990). Grandchildren contend in their petition for review, which we treat as a petition for reconsideration, ORAP 9.15(1), that we erred in concluding that the trial court retained jurisdiction to authorize payment of trust expenses after trustee filed a notice of appeal. Trustee, by a motion for reconsideration, ORAP 9.15(6), contends that we neglected to address one of his assignments of error in what we denominated the distribution case. He sought reversal of an order adding one of the beneficiaries as a required signatory on the trust's checking account. We deny the petition and allow the motion only to explain why we did not address trustee's first assignment of error.

ORS 128.145(1) authorizes any person who is a party to a proceeding under ORS 128.135 to apply to the court for additional accountings, appointments, authority, approval or instructions. After a petition is filed pursuant to ORS 128.145(1), the proceedings are the same as proceedings under ORS 128.135. ORS 128.145(2).

ORS 128.135(6) provides that "[a]ny *order* or judgment entered in a proceeding under this section is final, conclusive and binding upon all beneficiaries notified of the proceeding * * * subject only to the right of appeal as provided in ORS 128.165." (Emphasis supplied.) ORS 128.165 provides that appeals from orders or judgments entered under ORS 128.135 or ORS 128.145 shall be taken in the same manner as any other appeal. ORS 19.026(1) requires that a notice of appeal be served and filed within thirty days after the entry of the judgment.

■■ Grandchildren originally petitioned the court under ORS 128.135 to compel a distribution. After obtaining a favorable judgment, they petitioned the court to compel trustee to distribute all cash and personal property of Trust B in compliance with the judgment and sought a restraining order prohibiting trustee from collecting rental income from certain trust real property. ORS 128.145 authorized the court to entertain grandchildren's petition and was the basis for its authority to enter the February 25, 1988, order adding one of the beneficiaries as a required signatory. That order was final

and appealable under ORS 128.135(6). Because trustee did not file a timely notice of appeal from that order, the issue was not properly before the court on appeal.

Respondents' petition for reconsideration denied; appellant's motion for reconsideration allowed; opinion adhered to.